F. E. Thomas, Appellee, v. B. Arie, Appellant.

**Intoxicating Liquors:** SALE FROM SEPARATE ROOMS. A liquor dealer having paid but one tax under the mulct law has no right to keep for sale and sell intoxicating liquors from two wholly separate and independent rooms in the same building.

*Appeal from Boone District Court.*—Hon. J. R. Whitaker, Judge.

Monday, February 1, 1904.

Action in equity for an injunction to restrain the defendant from maintaining an intoxicating liquor nuisance. Upon final hearing there was a decree granting perpetual injunction, with costs. Defendant appeals.—Affirmed.

*Stevens & Fry* for appellant.

*Charles Whitaker* for appellee.

Per Curiam.—Defendant is the owner of a building situated on the west twenty-five feet of lots 13, 14, 15, and 16, in block 74, in Boone. The building faces south on Eighth street, and extends north one hundred feet on Allen street. The ground floor of the building is divided into two rooms, a partition extending across about midway of the building north and south. The front or south room is occupied by defendant as a retail liquor saloon, the only entrance thereto being by a door at the corner. The only means of entrance into the rear room is through a door opening into the same from Allen street. Such rear room is used and occupied by defendant as a storage room for beer kept by him for sale at wholesale. Deliveries therefrom are made from time to time as orders are received therefor. It is conceded that the mulct tax law is in force in Boone, and defendant has a

license to sell intoxicating liquors according to law "on the west 25 feet of lots 13, 14, 15, and 16, block 74." The only question presented for our determination is whether a person, having paid but one tax and having but one license, may keep for sale and sell intoxicating liquors in two different and wholly separate rooms in the same building. We are clearly of the opinion that such question must be answered in the negative. To hold otherwise would certainly violate not only the spirit of the law, but, we think, the letter of the law. Section 2432 of the Code provides that "every person  *  *  *  maintaining a place where intoxicating liquors are sold or kept with intent to sell shall pay an annual tax," etc. It must be manifest, from our statement of the facts, that the defendant is maintaining two places, each independent of the other in every material sense necessary to be considered. The mere fact that by his license he is authorized to carry on business in the building mentioned · cannot be construed · to confer the right on defendant to cut such building up into separate rooms, the number to be limited only by the capacity of the building or the extent of the premises, and in each maintain an independent place for the sale of liquors.

The decree meets with our approval, and it is AFFIRMED.